IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILONDA ACREE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. __ |
| v. | ) |
| | ) **DEFENDANT DEMANDS** |
| BRANDON HARP, | ) **TRIAL BY JURY OF 12** |
| | ) |
| and | ) |
| | ) |
| BULK TRANSPORT COMPANY | ) |
| EAST, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT BRANDON HARP'S NOTICE OF REMOVAL**

Defendant Brandon Harp, by and through his undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Circuit Court of Madison County, Illinois, to the United States District Court for the Southern District of Illinois, East St. Louis Division.  The grounds for removal are as follows:

1. Plaintiff commenced this action by filing a Complaint against Brandon Harp and Bulk Transport Company East, Inc. ("Bulk Transport"), on July 26, 2022, in the Circuit Court of Madison County, Illinois, and the case was docketed at 22-LA-000924.  *Exhibit A*.  Counsel for Brandon Harp accepted service on his behalf on October 5, 2022.  *Exhibit B*.

2. Plaintiff alleges that on or around August 3, 2020, she was operating her 2016 Chevrolet Impala on Interstate 57 in Jefferson County, Illinois, when she was struck by a tractor trailer operated by Brandon Harp, an employee of Bulk Transport.  *Exhibit A, par. 5-11*.

3. Plaintiff prayed for judgment against Brandon Harp for "a sum to exceed Fifty Thousand Dollars ($50,000) together with her costs herein…"  *Exhibit A, Count II prayer.*

27899482

4. On July 12, 2022, Plaintiff's counsel sent a settlement demand of $250,000.00. *Exhibit C.* Counsel for Bulk Transport and Brandon Harp offered $80,000.00 in response on September 16, 2022. *Exhibit D.* Plaintiff revoked her settlement demand on September 19, 2022, indicating the negotiations would not do any good if Bulk Transport believed that the case would settle in the high five or low six figures. *Exhibit D.*

5. Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

6. Under 28 U.S.C. § 1446(b)(3), "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

7. Additionally, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

8. Here, the case stated by the initial pleading was not removable because the amount in controversy in excess of the jurisdictional amount was not pleaded. Plaintiff's Complaint, combined with Plaintiff's initial demand of $250,000.00, and rejection of Bulk Transport's offer of $80,000.00 on September 19, 2022, demonstrate that this matter has become removable.

9. Because this Notice of Removal is being filed within 30 days of the service of Plaintiff's Complaint on Brandon Harp, and also within 30 days of the date from which it could first be ascertained that the case is one which has become removable, this Notice of Removal is timely filed.

10. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served on Brandon Harp in this case are attached hereto as Exhibit E.

11. Concurrent with the filing of this Notice, Brandon Harp is serving this Notice on Plaintiff and filing a copy of the Notice with the Clerk of the Circuit Court of Madison County, Illinois.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 93(a)(1) and 1441(a), because the United States District Court for the Southern District of Illinois, East St. Louis Division, is the federal judicial district and division embracing the Circuit Court of Madison County, Illinois, where this action was originally filed.

13. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship), because (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states.  28 U.S.C. § 1332(a).

**DIVERSITY OF CITIZENSHIP**

14. Complete diversity exists between the current parties to this action.

15. As alleged in the Complaint, Plaintiff Wilonda Acree is a resident of Tennessee. *Exhibit A, par. 1.*  As such, Plaintiff is a citizen of Tennessee for purposes of diversity jurisdiction.

16. Defendant Brandon Harp is a resident of Missouri.  As such, Brandon Harp is a citizen of Missouri for purposes of diversity jurisdiction.  *Exhibit A, par. 3.*

17. Defendant Bulk Transport is a corporation incorporated in Missouri and has its principal place of business in Missouri. *Exhibit F.* As such, Bulk Transport is a citizen of Missouri for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

## AMOUNT IN CONTROVERSY

18. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.

19. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541-42 (7th Cir. 2006).

20. Section 1446(c)(2) states that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that (A) the notice of removal may assert the amount in controversy if the initial pleading seeks … (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2).

21. This Court has acknowledged that "[t]he Illinois Rules of Civil Procedure prohibit a plaintiff seeking personal injury relief from praying for specific relief. *See* 735 Ill. Comp. Stat. 5/2-604 (2012) ("In actions for injury to the person, any complaint filed which contains an ad damnum, except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed, shall, on motion of a defendant or on the court's own motion, be dismissed without prejudice."); Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997). This rule frustrates a defendant's ability to determine the amount in controversy solely from the complaint." Anderton v. Wal-Mart Stores, Inc., No. 12-CV-46-DRH, 2012 WL 3526788, at *4 (S.D. Ill. Aug. 15, 2012); *See also* Ill.Sup.Ct.R. 222(b) ("[a]ny civil action seeking money damages shall have attached to the initial pleading the party's affidavit that the

total of money damages sought does or does not exceed $50,000."). In accordance with these Illinois practices, the Complaint (*Exhibit A*) prays for damages in an amount in a sum to exceed $50,000.00. (*Exhibit A*).

22. In instances such as these, "removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (a) if the district court finds, **by the preponderance of the evidence**, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

23. A defendant who removes a suit in which the complaint lacks an ad damnum must show a "reasonable probability" that the amount in controversy exceeds $75,000. Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 816-17 (7th Cir. 2006). A removing party is not required to show that the plaintiff will prevail or collect more than $75,000, but rather what the plaintiff hopes to get out of the litigation. Id. at 817. If this amount exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold. Id.

24. As discussed below, the preponderance of the evidence in this matter shows that the amount in controversy exceeds $75,000.

25. Alleged damages. In the Complaint, Plaintiff alleged she has been damaged as follows:

- "Plaintiff was caused to suffer and continues to suffer from injuries to her head, neck, back, right shoulder, right arm, right leg, and right hip." *Exhibit A, Count I, par. 15, Count II, par. 19*
- "Plaintiff was caused to seek medical treatment for those parts of her body and was caused to suffer and continues to suffer limited use of said body parts, pain and discomfort." *Exhibit A, Count I, par. 16, Count II, par. 20.*
- Plaintiff "prays judgment against Defendant Bulk Transport Company East, Inc. and Defendant Brandon Harp in a sum to exceed fifty thousand dollars ($50,000)…" *Exhibit A, Count I and II, prayers.*

26. <u>Settlement demand</u>. On July 12, 2022, Plaintiff's counsel sent a settlement demand of $250,000.00. *Exhibit C.* Bulk Transport offered $80,000.00 in response. *Exhibit D.* Plaintiff rejected the offer, and revoked her demand on September 19, 2022, indicating the negotiations would not do any good if Bulk Transport believed that the case would settle in the high five or low six figures. *Id.* Plaintiff's counsel also stated that Plaintiff had received extensive conservative treatment, and that her treating orthopedic doctor indicated the next step was back surgery. *Id.*

27. The amount in controversy requirement is met when discussions between the parties indicate that the plaintiff is seeking more than the jurisdictional amount in damages. *See, e.g.,* <u>Andrews v. E.I. Du Pont De Nemours & Co.</u>, 447 F.3d 510, 515 (7th Cir. 2006) (finding amount in controversy met where plaintiff alleged "severe and permanent" injures and sought damages "in excess of $50,000" for "pain and suffering," and where discussion between parties' counsel indicated that medical and rehabilitation expenses alone would exceed $75,000); <u>Chase v. Shop 'N Save Warehouse Foods, Inc.</u>, 110 F.3d 424, 428 (7th Cir. 1997) (jurisdictional amount met for removal in part because defendant provided evidence that plaintiff had previously made a settlement demand of $120,000); <u>Grinnell Mutual Reinsurance Corp.</u>, 697 F.3d 582, 585 (7th Cir. 2006) (Plaintiff's demand of $250,000 demonstrated that plaintiff was seeking in excess of the jurisdictional amount in controversy); <u>Rising-Moore v. Red Roof Inns, Inc.</u>, 435 F.3d 813 (7th Cir. 2006) (Plaintiff's counsel's pre-offer estimate of the case value of $180,000 to $200,000 properly considered in determining that the jurisdictional amount in controversy had been met). Counsel for Plaintiff previously demanded $250,000 to settle this matter, and rejected an offer in excess of the jurisdictional amount. *Exhibits C, D.*

28.     <u>Summary</u>.  The settlement demand of $250,000 on July 12, 2022, and rejection of an offer of $80,000 for settlement, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

29.     Plaintiff's allegations of injury are similar to others that have been found to satisfy the amount in controversy requirement.  For example, in <u>Gebbia v. Wal-Mart Stores</u>, 233 F.3d 880, 881 (5th Cir. 2000), the Fifth Circuit found that alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" satisfied the jurisdictional amount.  *See also* <u>Kancewick v. Howard</u>, 2008 WL 4542970, at *3 (N.D.Ill. Apr. 3, 2008) (concluding that the amount in controversy requirement was met based on the circumstances of the accident and the "severe and permanent" injuries plaintiff suffered, despite the prayer for judgment "not to exceed $50,000.00"); <u>Demery v. Tran</u>, 2018 WL 5631266, at *1-2 (S.D.Ill. Oct. 31, 2018) (notice of removal contained plausible allegation that amount in controversy exceeded jurisdictional amount where plaintiff requested in excess of $50,000 in his complaint and made a settlement demand of $135,000, despite plaintiff's counsel's post-removal affidavit he was seeking less than $75,000); <u>Hobson v. Sav-a-Lot Food Stores, Ltd.</u>, 2017 WL 3670165, at *2 (S.D.Ill. Aug. 25, 2017) (the minimum amount-in-controversy existed at time of removal through evidence of settlement demand of $100,000); <u>Willyard v. Wal-mart Stores, Inc.</u>, 2009 WL 3816820, at *3-4 (S.D.Ill. Nov. 13, 2009) (plaintiff's allegations in complaint with post-complaint settlement demand of $90,000 sufficient to establish amount-in-controversy).

30.     Finally, Plaintiff did not stipulate in her Complaint that she will not seek, demand, or accept a recovery in excess of $75,000 to avoid diversity jurisdiction.  *See Exhibit A*.  As such,

it is reasonable to infer that her claim seeks damages in excess of the jurisdictional amount. <u>Workman v. United Parcel Serv., Inc.</u>, 234 F.3d 998, 1000 (7th Cir. 2000) (noting that plaintiff can avoid removal "simply by stipulating that he is not seeking and will neither demand nor accept any recovery in excess of $75,000 ... at the time suit is filed" and that an inference arises that plaintiff thinks the claim is worth more by not making such stipulation).  This Court has stated "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case … later filings [are] irrelevant.  ... Thus, if the plaintiff does not stipulate to damages of $ 75,000 or less, the inference arises that he thinks his claim may be worth more."  <u>Anderton v. Wal-Mart Stores, Inc.</u>, No. 12-CV-46-DRH, 2012 WL 3526788, at *4 (S.D. Ill. Aug. 15, 2012) (internal quotation marks omitted).  No such stipulation has been made in the current case.

**CONSENT FOR REMOVAL**

31.     Defendant Bulk Transport has consented to the removal of this action. *Exhibit F.*

**CONCLUSION**

32.     Because both of the requirements for federal diversity jurisdiction are satisfied, this action is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

33.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of the Circuit Court of Madison County, Illinois.

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of Madison County, Illinois, to the United States District Court for the Southern District of Illinois, East St. Louis Division.

DATED: October 14, 2022                              Respectfully submitted,

**DEFENDANT DEMANDS
TRIAL BY JURY**                                      s/ Kurt. E. Reitz
    Kurt E. Reitz, #6187793 (Lead Counsel)
    Misty L. Edwards, #6301620
    525 West Main Street
    Suite 300
    Belleville, Illinois  62220
    618-277-4700
    FAX 618-236-3434
    kreitz@thompsoncoburn.com
    medwards@thompsoncoburn.com

    Attorney for Defendant Brandon Harp

OF COUNSEL:
THOMPSON COBURN LLP


### Certificate of Service

    I hereby certify that on October 14, 2022, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record, and also via U.S. Mail, first class, postage prepaid, to:

Alexander A. Wolff #6308226
200 N. Broadway, Suite 720
St. Louis, MO 63102
(314) 955-1045 direct dial
(314) 955-1069 facsimile
alexwolff@forthepeople.com
*Attorney for Plaintiff.*


    s/Kurt E. Reitz